UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RHONDA FERGUSON PARKS )
)
v. ) NO. 2:06-CV-37
)
JEWEL STEELE, Warden )

## **MEMORANDUM and ORDER**

Rhonda Ferguson Parks, an inmate in the Tennessee Prison for Women in Nashville, Tennessee, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Clerk is **DIRECTED** to serve a copy of the petition and this order on the respondent and the Attorney General for the State of Tennessee. Rule 4, Habeas Corpus Rules. However, for the following reasons, the respondent will not be ordered to answer the petition and this case will be dismissed without prejudice.

The petitioner alleges that, on April 21, 2005, pursuant to her guilty pleas, she was convicted in the Sullivan County Criminal Court of identity theft; forgery; and theft under $500 and that, for these offenses, she received a total sentence of thirteen years, eleven months and 29 days.

A petitioner cannot seek a writ of habeas corpus until she demonstrates that she has exhausted her available state remedies or that resort to them would be useless. 28

U.S.C. §2254 (b)(1) and (c); *Rose v. Lundy*, 455 U.S. 509 (1982). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994). The exhaustion principles apply here.

A post-conviction remedy is offered to Tennessee's prisoners who wish to obtain collateral review of their convictions. *See* Tenn. Code. Ann. § 40-30-101 *et seq*. Since the petitioner has never sought post-conviction relief[1] and since, seemingly, a post-conviction action offers her an available state court avenue for redress of her claims of ineffective assistance,[2] it does not appear that she has

---

[1] She claims that she appealed to the Criminal Court in Sullivan County, raising the issue of ineffective assistance, but that her case was dismissed on February 24, 2006. Generally, state criminal appeals are filed in the Tennessee Court of Criminal Appeals.

[2] Tenn. Code Ann. § 40-30-102 provides, in relevant part, as follow:

> "[A] a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred."

exhausted her state court remedies. At any rate, it is the petitioner who bears the burden of showing exhaustion of state remedies and she has not borne it.

Accordingly, this § 2254 action will be **DISMISSED** without prejudice for non-exhaustion of state remedies. 28 U.S.C. § 2254.

A separate order will enter.

     ENTER:

          s/Thomas Gray Hull
          THOMAS GRAY HULL
            SENIOR U. S. DISTRICT JUDGE